In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sammie Stroman, #242033, | ) | Civil Action No. 9:06-2055-PMD-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF THE MAGISTRATE JUDGE** |
| Richard Bearden, Donna Smalley, | ) | |
| Tim Riley, Barney Loyd, J. C. Counts, and | ) | |
| Jane Doe, a/k/a Ms. Regina, | ) | |
| | ) | |
| Defendants. | ) | |

## I.  INTRODUCTION

The Plaintiff, Sammie Stroman ("Plaintiff" or "Stroman"), was an inmate of the South Carolina Department of Corrections ("SCDC") initially housed in the Tyger River Correctional Institution ("Tyger River CI") and later transferred to the Lee Correctional Institution ("Lee CI") during the time of the events giving rise to this action.  The Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 based upon allegations of deliberate indifference to his serious medical needs.  He has filed this action against the Defendants Richard Bearden, a medical doctor at Tyger River CI ("Dr. Bearden"), Donna Smalley, a Nurse at Tyger River CI ("Nurse Smalley"), Tim Riley, Warden of Tyger River CI ("Warden Riley"), Barney Loyd, Associate Warden of Tyger River CI ("Associate Warden Loyd"), J.C. Counts, Associate Warden of Tyger River CI ("Associate Warden Counts"), and Jane Doe, a/k/a Ms. Regina, an X-Ray Technician at Kirkland Correctional Institution Infirmary ("Ms. Regina").  Each Defendant is sued individually.

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C.

## II.    *PRO SE* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.

*Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III. BACKGROUND TO THE CASE

The Plaintiff claims he was denied adequate medical care as guaranteed by the Eighth Amendment, and seeks compensatory and punitive damages against each of the Defendants. [1]

The above-captioned Defendants have filed a motion for summary judgment. The Plaintiff has failed to file any response, despite having been given two (2) extensions of time in which to file his response, and explicitly warned that his failure to file a response would result in this court recommending dismissal of his case, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons discussed in detail in the Procedural History below, it is recommended that this action be dismissed, with prejudice, pursuant to Rule 41(b).

### IV. PROCEDURAL HISTORY

On July 14, 2006, Plaintiff commenced this Section 1983 action against the defendants Dr. Bearden, Nurse Smalley, Warden Riley, Associate Warden Loyd, Associate Warden Counts, and Ms. Regina (collectively, the "Defendants"), alleging deliberate indifference to his medical needs.[1] [1] Plaintiff then filed motions requesting access to the law library and for appointment of counsel. [4; 5] The undersigned issued an Order directing the issuance of summonses, and directed the Defendants to file answers to the complaint [6], and also issued an Order [7] denying Plaintiff's motions. On August 14, 2006, the Defendants timely filed an Answer to the Plaintiff's Complaint which, in pertinent part,

---

[1] Plaintiff has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), should a limitations issue arise in this action. *See* Order dated July 20, 2006. [6]

alleged as an affirmative defense that Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 (the "PLRA"). [12]

On August 23, 2006, Plaintiff filed two motions to file an amended or supplemented complaint. [15; 16] These motions were granted by the undersigned. [17] The Defendants timely filed an Amended Answer [18], and Plaintiff again filed a second motion requesting access to the law library [20], which was denied by an oral Order issued by the undersigned. [21] On September 19, 2006, Defendants' counsel requested an extension of time in which to file a motion for summary judgment. [23] The undersigned granted an extension by Order filed that same date [24]. Plaintiff thereafter filed a Motion for preliminary injunction which requested that the court order the Defendants to provide Plaintiff with a follow-up visit to the urology clinic and with an examination by a neurologist. [25] The undersigned denied Plaintiff's motion by written Order filed on October 23, 2006. [26]

The Defendants' filed their Motion for summary judgment on November 3, 2006. [27] On November 7, 2006, the undersigned issued an Order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which notified Plaintiff of the Defendants' Motion, the summary dismissal procedure and the possible consequences if Plaintiff failed to adequately respond to the Defendants' Motion within thirty-four (34) days. [32] In response, on November 20, the Plaintiff filed a motion for extension of time to file a response to Defendants' Motion, which was granted by the undersigned. [33; 34] On January 5, 2007 the Plaintiff filed a second Motion for extension of time to respond, stating that he wished to conduct discovery prior to responding to the Defendants' motion. [35] The Plaintiff's second motion for an extension of time was denied by the undersigned on January 6, 2007. [36] On January 23, 2007, the Plaintiff filed a third motion for an extension of time in which to file a response to Defendants' motion for summary judgment [37], which was denied by the undersigned, who ordered the Plaintiff to respond to the Defendants' motion for summary judgment by February 13, 2007. [38] This Order specifically informed the

Plaintiff that his failure to file a response to Defendants' motion would immediately result in the undersigned recommending dismissal of the action.

On February 5, 2007, the Plaintiff filed his fourth request for an extension of time in which to respond to Defendants' motion, contending that on January 19, 2007, SCDC officials at Lee CI confiscated all of Plaintiff's property, including the documents related to the case, and that as of January 31, 2007, his documents had not been returned to him. [39]

On March 2, 2007, the Defendants filed a response to Plaintiff's fourth request for an extension of time. Although the Defendants stated that they consented to the Plaintiff's motion for an extension, they denied the Plaintiff's allegation that his legal papers had been withheld from him through January 31, 2007, and filed the affidavits of a Lee CI administrator and a Lee CI officer in support of their contention that Plaintiff's's papers had been returned to him by January 31, 2007. [40] Based upon these affidavits, by Order issued on March 3, on the undersigned held that Plaintiff's legal papers had been returned to him by January 31, 2007, but nevertheless granted Plaintiff's fourth motion for an extension of time and ordered that Plaintiff file a response to Defendants' motion with the Clerk's Office on or before March 15, 2007. The court further informed the Plaintiff that if his response were not received by that date, the Plaintiff's case would be subject to dismissal for failure to prosecute. [42]

On March 16, 2007, Plaintiff's filed a fifth motion for an extension of time to respond to Defendants' motion for summary judgment and also filed a motion requesting access to the law library. [44; 45] Both motions were denied by the undersigned on March 16, 2007. [46]

## V. DISCUSSION

Even though the Plaintiff in this case was given extensions of time in which to file his response to the Defendants' motion for summary judgment, he failed to file any response. Furthermore, Plaintiff was specifically warned that his failure to file a response would cause

this court to recommend that his case be dismissed for failure to prosecute. Despite these warnings, the Plaintiff's has not filed any response to the Defendants' motion for summary judgment, which was filed over four (4) months ago, on November 3, 2006.

Accordingly, it is recommended that Plaintiff's action be dismissed for failure to prosecute, and it is further recommended that this dismissal be with prejudice and operate as an adjudication of the merits, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).[2]

### **RECOMMENDATION**

Based on the foregoing, it is recommended that **Plaintiff's complaint [1] be dismissed with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

March 21, 2007

Charleston, South Carolina

---

[2] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the Petitioner's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir.1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).